IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEON MANNING, Fed. Reg. No. 32057-280, Movant, | § § § § | |
| v. | § § | EP-11-CV-369-PRM EP-09-CR-565-PRM |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On this day, the Court considered Movant Deon Manning's (Manning) "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 71)[1] [hereinafter Motion], filed on September 9, 2011; the United States of America's (the Government) "Response to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside[,] or Correct Sentence by a Person in Federal Custody" (ECF No. 77) [hereinafter Response], filed on November 23, 2011; Manning's "Reply to Government's Response to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside[,] or Correct Sentence" (ECF No. 78) [hereinafter Reply], filed on November 29, 2011 in the above-captioned cause. In his Motion, Manning challenges his conviction and ninety-six month sentence imposed by the Court for possession of marijuana with the intent to distribute, claiming that his retained counsel provided constitutionally ineffective assistance. After reviewing the record and for the reasons discussed below, the Court concludes that Manning has failed to establish his entitlement to § 2255 relief. It will accordingly deny his Motion and dismiss his civil cause with prejudice. Additionally, the Court will deny Manning a certificate of appealability.

---

[1] "ECF," in this context, refers to the criminal docket in cause number EP-09-CR-565-PRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On January 31, 2009, Manning and Nidriko Lenzy Tillman (Tillman) approached the United States Border Patrol checkpoint near Sierra Blanca, Texas. After questioning by United States Border Patrol Agents, Manning and Tillman were referred to secondary inspection where a narcotic-detecting dog alerted to the trunk of their car. Therein, the Border Patrol Agents located two black duffle bags, each containing marijuana with a combined weight of 21.95 kilograms wrapped in square-shaped packages. Manning was immediately arrested and, a few days later, the Court determined that he was indigent and appointed counsel to represent him. CJA 20 Appointment of & Authority to Pay Court Appointed Counsel, Feb. 2, 2009, ECF No. 4.

Subsequently, the Government filed an indictment, charging Manning with possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (2006). Indictment, Feb. 25, 2009, ECF No. 8. The Government then filed its "Information," stating that it intended to seek an enhanced punishment because Manning "was [previously] convicted of Trafficking Heroin . . . in the Pinellas County court, Florida, in Cause No. CRC0101238CR." Info., Feb. 25, 2009, ECF No. 9.

On May 7, 2009, the Court granted retained counsel's "Motion to Substitute Counsel" (ECF No. 22). Order Granting Mot. to Substitute Counsel, May 7, 2009, ECF No. 23. Then, on July 9, 2009, Manning filed his "Motion to Suppress Evidence" (ECF No. 27), claiming that the Border Patrol and Drug Enforcement Administration authorities violated several of his constitutional rights in their search of his vehicle, in their arrest of his person, and in their interrogation of him. Mot. to Suppress Evidence 2-3. On July 20, 2009, the Government filed

---

[2] The factual background is an abbreviated version of the factual basis attached to Manning's plea agreement. Plea Agreement, Oct. 29, 2009, ECF No. 44.

2

its "Response to Defendant's Motion to Suppress" (ECF No. 30) and argued that the vehicle search was constitutional and any evidence obtained from the search should not be suppressed. Govt.'s Resp. to Def.'s Mot. to Suppress 6.

While the Motion to Suppress was still pending, on September 15, 2009, Manning requested a bench trial, which the Court set for October 29, 2009. Amended Order Setting Bench Trial, Sep. 15, 2009, ECF No. 37.[3] On October 13, 2009, Manning filed another "Motion to Suppress Evidence" (ECF No. 42), providing analysis to support the contentions in his first motion to suppress. On October 29, 2009, the day of Manning's bench trial, he filed a plea agreement and pled guilty to the Indictment. Plea Agreement, ECF No. 44. Due to Manning's plea agreement, the Court declared moot both of his pending motions to suppress. Text Orders, Oct. 29, 2009. On December 18, 2009, the Court sentenced Manning to ninety-six months' imprisonment, ten years' supervised release, and imposed a $100 special assessment. Minute Entry, ECF No. 50; J., Dec. 22, 2009, ECF No. 52.

On December 29, 2009, Manning filed his "Notice of Appeal" (ECF No. 53) and the Fifth Circuit Court of Appeals affirmed the Court's judgment. J., Jan. 13, 2011, ECF No. 70. Manning then filed his instant Motion on September 9, 2011. In his Motion, Manning alleges that his retained counsel provided ineffective assistance.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United*

---

[3] The Court had originally set the bench trial for October 30, 2009. Order Setting Bench Trial, Sep. 15, 2009, ECF No. 35.

3

*States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To receive relief pursuant to § 2255, the movant must demonstrate (1) that the sentence imposed violated the Constitution or laws of the United States, (2) that the sentencing court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

### B. Ineffective Assistance of Counsel

The United States Constitution's Sixth Amendment guarantees accused persons the right to the assistance of counsel for their defense in all criminal prosecutions. U.S. CONST. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 687 (explaining that, unless a defendant demonstrates both elements, the sentence cannot have resulted from a breakdown in the adversary process); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." (citing *Strickland*, 466 U.S. at 687)).

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *Strickland*, 466 U.S. at 688. In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

However, counsel has a wide range of reasonable professional discretion. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *Id.* at 691-92. The test's prejudice prong requires the movant to demonstrate with "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III. ANALYSIS

In his Motion, Manning argues that he received ineffective assistance of counsel because his retained counsel: (1) filed an untimely and "anemic"[4] motion to suppress; (2) permitted Manning to enter into a plea agreement that conferred no benefits; (3) did not contest the Government's failure to move for the third-level downward adjustment for acceptance of responsibility, pursuant to the plea agreement; and (4) failed to contest the Court's adjudication of Manning as a career offender, resulting in an enhanced sentence. Mot. 10-16.

---

[4] Mot. 11.

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *Strickland*, 466 U.S. at 688. In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

However, counsel has a wide range of reasonable professional discretion. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *Id.* at 691-92. The test's prejudice prong requires the movant to demonstrate with "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III. ANALYSIS

In his Motion, Manning argues that he received ineffective assistance of counsel because his retained counsel: (1) filed an untimely and "anemic"[4] motion to suppress; (2) permitted Manning to enter into a plea agreement that conferred no benefits; (3) did not contest the Government's failure to move for the third-level downward adjustment for acceptance of responsibility, pursuant to the plea agreement; and (4) failed to contest the Court's adjudication of Manning as a career offender, resulting in an enhanced sentence. Mot. 10-16.

---

[4] Mot. 11.

A.  The Motions to Suppress

Manning argues that, had his retained counsel filed a timely, adequate motion to suppress, "without professing to have a crystal ball, [it] likely would have been granted." Mot. 12. However, the Government responds that such divination would only reveal the fruitlessness of a motion to suppress in Manning's case. Resp. 6-9.

Both of Manning's motions to suppress were untimely. The parties agree that timely motions to suppress "must be filed within fourteen days of arraignment or waiver of arraignment." Standing Discovery Order, Mar. 9, 2009, ECF No. 15. Because Manning filed his "Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty" (ECF No. 14) on March 6, 2009, he had until March 20, 2009 to file a timely motion to suppress. Instead, he filed motions to suppress on July 9, 2009 and on October 13, 2009. Mot. to Suppress Evidence, ECF Nos. 27, 42. Therefore, both of his motions to suppress were untimely filed.

Regardless of the timeliness of his motions to suppress, Manning pleaded guilty before the Court rendered a decision on his motions to suppress and, therefore, he suffered no prejudice. The second *Strickland* prong requires a movant to show that he was prejudiced by his counsel's deficient performance. *See Carter*, 131 F.3d at 463 ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). In order "[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) (citations and internal quotation omitted). Due to Manning's guilty plea, the Court did not render a decision on the merits of the motion to suppress. Therefore, the

Court did not penalize Manning for the untimely filed motions to suppress. Without such a penalty, Manning suffered no prejudice.

The same reasoning applies to Manning's claim that the motions were "anemic." Again, Manning filed a plea agreement and then pled guilty in open court; he did all of this prior to the Court's adjudication of the merits of either of his motions to suppress. Because of his decision to plead guilty before any decision was made on the motions, Manning cannot show a "reasonable probability" that he would have gone to trial had his attorney filed a thorough and well-briefed motion to suppress.

## B. The Plea Agreement

Manning next complains that he entered into a plea agreement that "conferred not one . . . benefit to him that he otherwise would have received had [h]e pled guilty." Mot. 12. He provides a series of strategic maneuvers that his retained counsel could have followed, which strategy ostensibly could have provided Manning all of the benefits of the plea agreement while not relinquishing his right to appeal. Reply 6. Manning further asserts that he "gave up his right of appeal," by entering into the plea agreement. *Id.* Therefore, it seems that Manning's contentions are twofold: (1) his retained counsel's strategies were ineffective; and (2) he relinquished his right to appeal without receiving a single benefit in return.

### 1. Ineffective Strategy

When addressing counsel's strategy, the Supreme Court has noted that counsel has a wide range of reasonable professional discretion. *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Therefore, in challenging counsel's strategy, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*. In the instant case, Manning bases the bulk of

7

his complaints on his retained counsel's failure to "put forth some meaningful effort by . . . timely filing a meritorious Motion to Suppress Evidence with a meaningful brief in support." Mot. 12-13 (also faulting his retained counsel for not requesting an evidentiary hearing, for not engaging in the hearing, and for not entering into a conditional guilty plea in order to preserve any pretrial issues for appellate review). It is imperative to note a "meritorious Motion to Suppress Evidence" serves as the foundation for his complaints. *Id.* However, as noted above, Manning has failed to establish that, but for his retained counsel's failure to file such a meritorious motion, Manning would not have entered into the plea agreement and instead would have gone to trial. *See* Part III-A. Due to this failure, Manning has not overcome the presumption that his retained counsel's strategy was sound when he pursued an alternative strategic course.

### 2. *Right to Appeal*

Although Manning argues that the plea agreement afforded him no benefit in exchange for relinquishment of his right to appeal, such argument runs counter to the plain terms of the plea agreement itself. The agreement provides that "[t]he Government will not oppose the award of a two-level adjustment for acceptance of responsibility" and that it will "not oppose an adjustment for 'minor role' if the evidence supports such finding." Plea Agreement 2. Although Manning may currently experience buyer's remorse, at the time, he voluntarily, knowingly, and intelligently entered into the agreement. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly). Because he entered into the

plea agreement without coercion,[5] in order to satisfy *Strickland*'s first prong, Manning must at least allege that his retained counsel's performance was deficient in some manner, which he fails to do. Therefore, Manning has failed to provide sufficient basis for the Court to conclude his retained counsel provided ineffective assistance with regard to the plea agreement.

### 3. Third-Level Adjustment for Acceptance of Responsibility

Manning faults his retained counsel for failing to contest the Government's failure to move for the third-level adjustment for Manning's acceptance of responsibility. Mot. 13-14. He states that the plea agreement specifically provided that "the [G]overnment will not oppose the award of a two-level adjustment for acceptance of responsibility . . . [F]uther, if the two-level adjustment is granted . . . the [G]overnment will move, at the time of sentencing, for the award of the third-level for acceptance of responsibility." Mot. 13 (omissions in original).

Manning neglects that the plea agreement afforded the Government the discretion regarding whether or not to move for the third-level. Omitted in Manning's recitation of the plea agreement is the passage stating that "*if applicable*, the [G]overnment will move" for the third level. Plea Agreement 2. The plea agreement's "if applicable" qualifier intimates that the movement for the third-level was within the Government's discretion. *See also* Attorney Aff. 3-4 ("I know full well that it is within the Government's sole discretion to move for the third[-]level.").

Further, Manning cannot show that he suffered prejudice (*Strickland*'s second prong) from the Government's failure to move for the third-level for acceptance of responsibility. At sentencing, the Court considered the Sentencing Guidelines, which set Manning's total offense at

---

[5] At the plea hearing, the Court asked Manning, "Did you sign the Plea Agreement freely and voluntarily?" to which he responded, "Yes, sir." Guilty Plea Tr. 23, Mar. 24, 2010, ECF No. 65.

level twenty-two. This level provided an advisory range of eighty-four to one hundred and five months' imprisonment and the Court sentenced Manning to the middle of the range, ninety-six months' imprisonment. Had the Government moved for the third-level, the adjusted guidelines range would have subjected Manning to a range of seventy-seven to ninety-six months' imprisonment. Therefore, Manning's ninety-six month sentence would have still fallen within the suggested guideline range, thus exhibiting that Manning suffered no prejudice. *See also* Resp. Ex. 20 at 41 (quoting the Court at sentencing, saying "I think that [the sentence] is lenient . . . I think the record clearly reflects that you are deserving of a sentence at the top of the guidelines, if not a sentence above the Guidelines . . . I think 96 months is the appropriate sentence in this case.").

### D. Career Offender Status

Finally, Manning challenges the Court's assessment of the career offender enhancement. He contends that the "career classification was erroneously based, in part, on a Florida conviction wherein the defining statute is not a controlled substance offense defined under U.S.S.G. § 4B1.2." Mot. 14. (emphasis omitted). He concludes that, because the career offender enhancement did not apply, "his Criminal History Category would not have been a VI, which, in turn, lowers his advisory sentencing range significantly." *Id.* at 16.

The Sentencing Guidelines provide that:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[6]

---

[6] Other documents before the Court exhibit that Manning was previously convicted of robbery in the circuit court of Pinelas County, Florida, on July 9, 1993. Resp. Ex 10 at 11. However, Manning does not contest that this prior conviction constitutes a crime of violence for purposes

10

U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2009). In the instant case, Manning only contests the application of the third prong.

However, Manning's argument lacks merit because his retained counsel did, in fact, challenge the career offender enhancement, albeit through an alternate avenue. Manning's retained counsel argued that Manning's 2001 Florida conviction for trafficking heroin did not satisfy the third prong of the career offender because Manning was indicted as a juvenile. Therefore, at the sentencing hearing, his retained counsel stated that the prior conviction "started out as a juvenile case, and . . . should be considered a juvenile case, and therefore wouldn't meet the requirements . . . of the career offender." Resp. Ex. 19 at 17. After considering this argument, the Court stated that, "based upon the circumstances and the information and Florida law, [Manning] does qualify as a career offender."[7] Id. at 26.

Given Manning's retained counsel's objection at sentencing, Manning has failed to overcome the presumption that his retained counsel did pursue a sound trial strategy. As noted above, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citations omitted). The Fifth Circuit has elaborated that "a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. . . . Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." United States v. Williamson, 183 F.3d 458,

---

of the career offender enhancement. Therefore, in this Order, the Court need only consider the disputed controlled substance offense, and not Manning's prior conviction for robbery.

[7] Manning's appellate counsel raised the same argument on appeal, which the Fifth Circuit found was "barred by the waiver-of-appeal provision in his plea agreement, which was knowing, voluntary, and enforceable." United States v. Manning, No. 10-50020, 2010 WL 5185508, at * 1 (5th Cir. Dec. 14, 2010) (citations omitted).

11

462-63 (5th Cir. 1999) (citations omitted). At the time of Manning's sentencing, there did not appear to be any "directly controlling precedent" which excluded a Florida conviction for heroin trafficking from the category of controlled substance offenses, for purposes of the career offender enhancement.[8] Therefore, Manning's retained counsel made a strategic decision to contest the career offender enhancement via the juvenile exception instead of inviting the Court to look to non-controlling law. In the instant case, Manning has failed to adduce sufficient evidence that overcomes the presumption that his retained counsel's decision was sound trial strategy.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted). A certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where a

---

[8] Manning relies on the Eleventh Circuit's decision in *United States v. Shannon*, 631 F.3d 1187 (11th 2011), which determined that Florida convictions for heroin trafficking were not controlled substance offenses, for purposes of the career offender enhancement. However, as the Government aptly states, "[T]he *Shannon* decision did not come out until 2011, nearly two years after" Manning was sentenced. Resp. 15.

district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Manning's Motion fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court finds that it should deny Manning a certificate of appealability.

## V. EVIDENTIARY HEARING[9]

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

Further, in order to be entitled to an evidentiary hearing on the issue of the voluntariness of a guilty plea based on alleged promises inconsistent with the habeas petitioner's own representations in open court, a petitioner must present the court with "independent indicia of the

---

[9] In tandem with his request for a hearing, Manning also "requests a reasonable amount of time to amend his pleading if the [G]overnment's answer merits additional information from him." Mot. 16. However, after the Government filed its Response, Manning did not "amend his pleading." Instead, he filed his Reply, which proffers additional information for the Court to consider. Manning's filing of his Reply in lieu of an amended pleading renders moot his request for additional time to amend.

13

likely merit of his allegations," *Rupert v. Johnson*, 79 F. Supp. 2d 680, 704 (W.D. Tex. 1999), such as specific factual allegations supported by the affidavit of a reliable third party. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). Although Manning fails to include such an affidavit, the record in this case is adequate to dispose fully and fairly of Manning's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## VI. CONCLUSION

For the reasons stated, the Court concludes that it should deny Manning's Motion and dismiss his civil cause. The Court further concludes that Manning is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Movant Deon Manning's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 71) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Movant Deon Manning is **DENIED** a Certificate of Appealability.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

SIGNED this 29 day of **December, 2011.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE