IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEON MANNING, <br> Reg. No. 32047-280, <br> Movant, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> EP-11-CV-369-PRM <br> EP-09-CR-565-PRM |

### ORDER GRANTING MOTION TO ALTER OR AMEND FINAL JUDGMENT

In a "Motion for Reconsideration" under Federal Rule of Civil Procedure 59(e) [ECF No. 81],[1] Movant Deon Manning ("Manning") asks the Court to reconsider its "Final Judgment" [ECF No. 80] denying his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence" [ECF No. 71]. In his motion, Manning reasserts that his trial counsel provided constitutionally ineffective assistance when he failed to file an adequate motion to suppress and did not object to a breach of the plea agreement. He also maintains the Court erred when it determined he was a career offender. After reviewing the record and applicable law, the Court will grant Manning relief for the reasons discussed below.

### LEGAL STANDARD

"Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'"[2] It does not exist to give a movant a "second bite at the apple."[3] It

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-09-CR-565-PRM.

[2] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[3] *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'—and we in no way depart from

does not "enable a party to complete presenting his case after the court has ruled against him."[4] It does, however, allow a party to "'call[ ] into question the correctness of a judgment.'"[5] Accordingly, Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[6]  In other words, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[7]

## ANALYSIS

In his § 2255 motion, Manning challenged his conviction and ninety-six month sentence for possession of marijuana.  Manning asserted that his trial counsel provided constitutionally ineffective assistance when he (1) failed to file an adequate motion to suppress the nineteen kilograms of marijuana discovered in the trunk of Manning's car during a secondary inspection at the United States Border Patrol checkpoint near Sierra Blanca, Texas; (2) persuaded Manning at the last minute to enter into a written plea agreement which provided him with no benefits and abrogated his appellate rights; (3) did not object when the attorney for the United States of

---

that basic principle.").

[4] *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

[5] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d at 581).

[6] *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[7] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

America ("Respondent") failed to move, in accordance with the terms of the plea agreement, for a one-level downward adjustment to Manning's offense level based on his acceptance of responsibility; and (4) failed to challenge the Court's erroneous consideration of a Florida heroin trafficking conviction when it classified Manning as a career offender.

In his Rule 59(e) motion, Manning asserts that his trial counsel provided constitutionally ineffective assistance when he (1) failed to file an adequate motion to suppress, and (2) did not object to Respondent's breach of the plea agreement by failing to move, in accordance with the terms of the plea agreement, for a one-level downward adjustment to Manning's offense level. He made these arguments in his § 2255 motion. He does not cite an intervening change in controlling law or provide new evidence. As the Court explained in its "Memorandum Opinion and Order of Dismissal" [ECF No. 79], "[d]ue to Manning's plea agreement, the Court declared moot both of his pending motions to suppress."[8] Further, the Court noted "[t]he plea agreement's 'if applicable' qualifier intimates that the movement for the third level [downward adjustment] was within the Government's discretion."[9] Manning's disagreement with the Court's analysis does not amount to a clear error of law or fact. The Court, therefore, finds that these claims do not meet the criteria for obtaining relief under Rule 59(e) as applied in federal habeas practice.

Manning also asks the Court to reconsider its determination that he was a career offender, based in part on his Florida heroin trafficking conviction,[10] in light of the Eleventh Circuit's

---

[8] Mem. Op. & Order of Dismissal 3.

[9] *Id.* at 9.

[10] *See* Resp't's Resp. to Mot. to Vacate Ex. 10 at 11 (showing Manning was previously convicted of robbery—a crime of violence—in the Circuit Court of Pinellas County, Florida, on July 9, 1993).

holding in *United States v. Shannon*.[11] In *Shannon*, the defendant argued that the district court erred by sentencing him as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1[12] because his prior conviction for cocaine trafficking under Florida law did not constitute a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b).[13] The defendant reasoned:

> A federal defendant is a career offender subject to an enhanced sentence where he, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined, in pertinent part, as a felony offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Significantly, this definition does not include the act of purchase.
>
> On the other hand, the Florida statute under which [the defendant] was convicted does prohibit the act of purchase. That statute provides, in pertinent part: "Any person who knowingly sells, *purchases*, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine . . . , commits a felony of the first degree, which felony shall be known as 'trafficking in cocaine[.]'" Fla. Stat. § 893.135(1)(b)1.[14]

---

[11] 631 F.3d 1187 (11th Cir. 2011).

[12] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2009) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[13] *Id.* § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

[14] *Shannon*, 631 F.3d at 1188–89 (emphasis in original).

The Eleventh Circuit agreed with the defendant's reasoning, explaining that if the United States Sentencing Commission "had meant to include the act of purchase (with intent to distribute) as a 'controlled substance offense,' it could have easily said as much."[15] Accordingly, it vacated the defendant's sentence and remanded his cause for further proceedings.

The Court noted in its opinion dismissing Manning's § 2255 motion that "'the *Shannon* decision did not come out until 2011, nearly two years after' Manning was sentenced,"[16] and explained that "[a]t the time of Manning's sentencing, there did not appear to be any 'directly controlling precedent' which excluded a Florida conviction for heroin trafficking from the category of controlled substance offenses, for the purposes of the career offender enhancement."[17] Thus, Manning's counsel could not have relied on *Shannon* in forming an argument at sentencing or on appeal that Manning's Florida drug conviction was not a "controlled substance offense" for purposes of determining whether the career offender enhancement applied. "Clairvoyance is not a required attribute of effective representation."[18] Accordingly, the Court found that Manning's attorney provided constitutionally effective assistance.

In his Rule 59(e) motion, Manning concedes that the Eleventh Circuit decided *Shannon* after the conclusion of his case.[19] He maintains, however, that "intervening decisions interpreting federal statutes do not merely establish what the statute means prospectively; rather,

---

[15] *Id.* at 1190.

[16] Mem. Op. & Order of Dismissal 12 n.8 (quoting Resp't's Resp. to Mot. to Vacate 15).

[17] *Id.* at 12.

[18] *Nelson v. Estelle*, 642 F.2d 903, 908 (5th Cir. 1981).

[19] Mot. for Reconsideration 10.

the decision establishes what the statute has meant since the date when it because [sic] law."[20]

The Court notes that the presentence investigation report ("PSI") disclosed that Manning's criminal history included a 1991 Florida conviction for robbery and a 2001 Florida conviction for trafficking heroin.[21] It suggested that the first offense was a "crime of violence" and that the second offense was a "controlled substance offense."[22] Thus, the PSI concluded that the Court should apply the U.S.S.G. § 4B1.1 career offender sentence enhancement.[23] The PSI clearly stated, however, that Manning's trafficking heroin conviction came after he "*purchased* a trafficking amount of heroin from an undercover officer for $6000."[24]

In 2007—well before the Court sentenced Manning—the Fifth Circuit Court of Appeals addressed the issue of whether a prior conviction for "delivery of a controlled substance," in violation of Texas Health and Safety Code § 481.112, was a "drug trafficking offense" for the purposes of enhancing a sentence under U.S.S.G. § 2L1.2(b)(1)(A)(I).[25] The Fifth Circuit held that it was not because the Texas statute criminalized conduct—namely offering to sell a controlled substance—that did not constitute a drug trafficking offense for the purposes of the Sentencing Guideline.[26] The definition of a drug trafficking offense under U.S.S.G. § 2L1.2 and

---

[20] *Id.* (citing *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after the decision* of the case giving rise to that construction.") (emphasis added).

[21] Presentence Investigation Report ¶¶ 31, 37.

[22] *Id.* at ¶ 22.

[23] *Id.*

[24] *Id.* at ¶ 39 (emphasis added).

[25] *United States v. Gonzales*, 484 F.3d 712, 714 (5th Cir. 2007).

[26] *Id.* at 715–16.

a controlled substance offense under U.S.S.G. § 4B1.1 are "nearly identical."[27] Thus, Manning's counsel was on notice at the time of Manning's sentencing that he should not simply acquiesce in the PSI's conclusion that Manning's 2001 Florida conviction for purchasing heroin was a controlled substance offense for the purposes of the career offender sentence enhancement. Moreover, without the enhancement under U.S.S.G. § 4B1.1, Manning's guidelines sentencing range could have been less than his ninety-six-month sentence.[28] Thus, after reconsidering this matter, the Court finds that his attorney's representation was constitutionally deficient when he failed to argue at sentencing that Manning's 2001 Florida conviction for heroin trafficking was not a controlled substance offense as defined in U.S.S.G. § 4B1.2(b), and that the Court should not apply the U.S.S.G. § 4B1.1 career offender sentence enhancement.[29]

## CONCLUSION AND ORDERS

After carefully reviewing the record and applicable law, and in an effort to correct a manifest error of law and to prevent a manifest injustice, the Court concludes that it should resentence Manning. Accordingly, the Court enters the following orders:

1.   The Court **GRANTS** Movant Deon Manning's "Motion for Reconsideration" under Federal Rule of Civil Procedure 59(e) [ECF No. 81].

2   The Court **VACATES** and **SETS ASIDE** the sentence imposed on Movant Deon Manning in EP-09-CR-565-PRM.

---

[27] *United States v. Price*, 516 F.3d 285, 288 (5th Cir. 2008) (quoting *United States v. Ford*, 509 F.3d 714, 716 (5th Cir. 2007) (on petition for rehearing).

[28] *Gonzales*, 484 F.3d at 716.

[29] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).

3. The Court **ORDERS** the United States Probation Office to prepare and submit to the Court a revised presentence investigation report.

4. The Court **ORDERS** that the above entitled and numbered case be reset for **SENTENCING** in Courtroom No. 621 of the Albert Armendariz, Sr., United States Courthouse located at 525 Magoffin Avenue, El Paso, Texas 79901, on **APRIL 3, 2012**, at **8:00 a.m.**

5. The Court **FURTHER ORDERS** the Clerk of Court to send a copy of this order to counsel for defendant, the United States Attorney, United States Pretrial Services, and the United States Probation Office.

**SO ORDERED.**

SIGNED this 25 day of February, 2012.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE